5 F.3d 1372
 Bankr. L. Rep. P 75,482
In re Harold Glenn WICKS and Theresa Clark Wicks, Debtors.
INDEPENDENCE ONE MORTGAGE CORPORATION, Appellee,
v.
Harold Glenn WICKS and Theresa Clark Wicks, Appellants.
Ann Spears, Trustee.
 No. 92-6134.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 28, 1993.
 
 Kenneth G. Mayfield, Oklahoma City, OK, for appellants.
 Lisa Yoshida of Polk, Scheer & Prober, Tarzana, CA, (Frank Polk of Naifeh & Woska, Oklahoma City, OK, with her on the brief) for appellee.
 Before ANDERSON, BARRETT, and TACHA, Circuit Judges.
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Appellants Harold and Theresa Wicks ("debtors") filed a Chapter 13 Bankruptcy Petition on March 28, 1991. In their Chapter 13 Plan filed on April 23, 1991, they proposed to "bifurcate" the claim of Appellee, Independence One Mortgage Corporation ("IOM"), the holder of a note secured by a mortgage on the debtors' principal residence. Specifically, the debtors sought to reduce IOM's lien to the stipulated value of the residence, in reliance on 11 U.S.C. Secs. 506(a) and 1322(b)(2).[1] The result would be that IOM would have a secured claim equal to that stipulated value and an unsecured claim equal to the balance remaining on the note--$22,275.16.
 
 
 2
 IOM objected to its treatment under the Plan. The Bankruptcy Court for the Western District of Oklahoma overruled IOM's objections and confirmed the Plan. IOM appealed the decision to the district court, which reversed the bankruptcy court, concluding that a recent Supreme Court decision, Dewsnup v. Timm, --- U.S. ----, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), prohibited the proposed bifurcation. The debtors filed a timely appeal, claiming in their brief that "an undersecured creditor holding a mortgage on a debtor's principal residence has a claim which may be bifurcated under 11 U.S.C. Sec. 1322(b)(2) into a secured claim equal to the value of the property and an unsecured claim for the balance of the debt, notwithstanding the Supreme Court ruling in Dewsnup v. Timm."
 
 
 3
 We abated this appeal pending the Supreme Court's decision in Nobelman v. American Savings Bank, --- U.S. ----, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), involving the same issue of bifurcation of a homestead mortgage. Upon facts virtually indistinguishable from those in the case before us, a unanimous Court in Nobelman held that 11 U.S.C. Sec. 1322(b)(2) "prohibits a Chapter 13 debtor from relying on section 506(a) to reduce an undersecured homestead mortgage to the fair market value of the mortgaged residence." Id. at ----, 113 S.Ct. at 2108.
 
 
 4
 The parties have been permitted to file briefs stating their views with respect to the holding in Nobelman. The debtors acknowledge that Nobelman, if applicable to this case, requires an affirmance of the district court. They argue, however, that Nobelman should not apply retroactively to their case. We disagree. "It is now settled that '[o]nce retroactive application is chosen for any assertedly new rule, it is chosen for all others who might seek its prospective application.' " Autoskill v. National Educ. Support Sys., 994 F.2d 1476, 1488 (10th Cir.1993) (quoting James B. Beam Distilling Co. v. Georgia ("Jim Beam"), --- U.S. ----, ---- - ----, 111 S.Ct. 2439, 1447-48, 115 L.Ed.2d 481 (1991)); see alsoAnixter v. Home-Stake Prod. Co., 977 F.2d 1533, 1543 (10th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1841, 123 L.Ed.2d 467 (1993); Gray v. Phillips Petroleum Co., 971 F.2d 591, 596 (10th Cir.1992) (observing that in "Jim Beam, six members of the Court agreed that a new rule of civil law should be applied retroactively in all cases when the rule was applied to the litigants in the case in which the rule developed"). The Supreme Court applied the holding of Nobelman to the facts of that case; Nobelman therefore applies to this case and effectively forecloses debtors' argument with respect to bifurcation. Our opinion in In re Hart, 923 F.2d 1410 (10th Cir.1991) (per curiam), is accordingly overruled to the extent it conflicts with Nobelman.
 
 
 5
 For the foregoing reasons, the order of the district court is AFFIRMED.
 
 
 
 [1]
 11 U.S.C. Sec. 1322(b)(2) permits a plan to "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence...." 11 U.S.C. Sec. 506(a) provides that:
 [a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.
 The theory behind bifurcation is that the protection provided in section 1322(b) for homestead mortgagees applies only to "secured claims" held by the mortgagee, and that section 506(a) determines the value of the mortgagee's "secured claim." Under section 506(a), so the argument goes, the mortgagee's claim is only a "secured claim to the extent of the value of [the] property." SeeEastland Mortgage Co. v. Hart (In re Hart), 923 F.2d 1410, 1413 (10th Cir.1991) (per curiam) (permitting bifurcation "by applying the general principles of section 506(a) to the mortgage and then protecting only the secured claim by the provisions of section 1322(b)").