76 F.3d 392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clovis Carl GREEN, Jr., Plaintiff-Appellant,
v.
Chris BRIDGES, Detective; J. Ruetz; D. Gabel; Angie
Renteria; Ann Munch; Mr. Ritter; Leslie Taylor,
Defendants-Appellees.
 No. 94-1294.
 United States Court of Appeals, Tenth Circuit.
 Feb. 9, 1996.
 
 Before SEYMOUR, Chief Judge, MCKAY, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Clovis Carl Green appeals from an order of the district court dismissing, with prejudice, this action seeking damages pursuant to 42 U.S.C.1983. We affirm but remand for modification of the judgment.
 
 
 3
 Mr. Green commenced this action against various police officers and district attorneys, alleging defendants engaged in outrageous conduct by recruiting a fellow prisoner either to obtain Mr. Green's confession or to encourage Mr. Green to obtain perjured testimony to provide an alibi for the criminal charges he was facing. Mr. Green was convicted of both the criminal charges and soliciting perjured testimony.
 
 
 4
 The Supreme Court has held that if a 1983 plaintiff claims damages caused by unlawful government actions which would result in his conviction or sentence being declared invalid if the action is successful, that plaintiff must first prove his conviction or sentence has been invalidated. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). If the conviction or sentence has not been so invalidated, an action under 1983 is not cognizable. Id.
 
 
 5
 Although Mr. Green commenced this action prior to the decision in Heck, the "usual rule is that federal cases should be decided in accordance with the law existing at the time of decision." Saint Francis College v. Al-Khazraji, 481 U.S. 604, 608 (1987). The Supreme Court has further clarified that "[o]nce retroactive application is chosen for any assertedly new rule, it is chosen for all other [litigants]...." James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 543 (1991). The Supreme Court applied the holding of Heck to that case, therefore, Heck applies here. See Independence One Mortgage Corp. v. Wicks (In re Wicks), 5 F.3d 1372, 1373 (10th Cir.1993).
 
 
 6
 Clearly, judgment for Mr. Green would imply the invalidity of his conviction. See Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir.1994). Mr. Green has not shown that his conviction has been declared invalid and, consequently, he may not maintain this action.
 
 
 7
 Thus, we affirm the district court's dismissal but upon grounds other than those relied upon by the district court. Consequently, we must modify the district court's order. "When a 1983 claim is dismissed under Heck, the dismissal should be without prejudice. If [Mr. Green] is later successful in overturning his conviction, he should be allowed to bring his 1983 action at that time." Fottler v. United States, No. 95-2083, 1996 WL 16603, at * 2 (10th Cir. Jan. 18, 1996).
 
 
 8
 The judgment of the United States District Court for the District of Colorado is AFFIRMED, but we REMAND the case with directions to MODIFY the judgment to reflect that Mr. Green's claims are dismissed without prejudice. Appellant's motion for leave to proceed in forma pauperis is granted. All other pending motions are denied. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3