Filed 11/14/96

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

In re:  DARWIN JOHN MORETTI and
MORITA MORETTI,

       Debtors.

-------------------------------------------

LUMBERMEN'S INVESTMENT
CORPORATION,

       Appellant,

    v.

DARWIN JOHN MORETTI and
MORITA MORETTI,

       Appellees.

No. 95-6323
W.D. Oklahoma
(D.C. No. CIV-94-1945-T)

### ORDER AND JUDGMENT[*]

Before **ANDERSON**, **HENRY**, and **MURPHY**, Circuit Judges.

This case is before us a second time on challenges by appellant Lumbermen's

Investment Corporation to the treatment, in a chapter 13 bankruptcy proceeding, of its

mortgage on the home of debtors Darwin John and Morita Moretti.  In a previous appeal

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

by Lumbermen's we upheld the confirmation of the debtors' chapter 13 plan, including the bifurcation of Lumbermen's mortgage into secured and unsecured claims. Moretti v. Lumbermen's Investment Corp. (In re Moretti), No. 90-6292 (10th Cir. Mar. 1, 1991) (citing Hart v. Eastland Mortgage Co. (In re Hart), 923 F.2d 1410 (10th Cir. 1991), overruled by Independence One Mortgage Corp. v. Wicks (In re Wicks), 5 F.3d 1372, 1373 (10th Cir. 1993)). Two years later, in 1993, the Supreme Court issued its opinion in Nobelman v. American Sav. Bank, 508 U.S. 324, 332 (1993), declaring the law on bifurcation to be different than as previously pronounced by this court, and the law in this circuit prior to Nobelman.

Citing Nobelman, Lumbermen's, in March 1994, commenced an adversary proceeding in the Moretti bankruptcy seeking a declaratory judgment that its original mortgage lien is valid and enforceable in full or, to be more precise, that the unsecured portion of the mortgage debt was never voided by the court and remains a valid lien against the Moretti residence. In the declaratory judgment action, the bankruptcy court granted summary judgment in favor of the Morettis, finding that Nobelman did not apply retroactively to this case, the portion of LIC's lien in excess of the stipulated value was rendered void by operation of § 506(d)[1] when the Chapter 13 plan was confirmed, and, accordingly, the lien issue was no longer open. The district court affirmed the bankruptcy

---

[1] 11 U.S.C. § 506(d) provides in relevant part, that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void . . . ."

court's grant of summary judgment in favor of the Morettis, and LIC brought this appeal. We affirm.

**Discussion**

We review the grant of summary judgment by the bankruptcy court de novo, applying the same legal standards as those applied by the bankruptcy and district courts. Hollytex Carpet Mills, Inc. v. Oklahoma Employment Sec. Comm'n (In re Hollytex Carpet Mills, Inc.), 73 F.3d 1516, 1518 (10th Cir. 1996); CCF, Inc. v. First Nat'l Bank & Trust Co. of Okmulgee (In re Slamans), 69 F.3d 468, 472 (10th Cir. 1995).

The relevant facts, which are undisputed, are fully set forth in the district court's able opinion, see Lumbermen's Investment Corp. v. Moretti (In re Moretti), Ch. 13 Case No. 89-01983-LN, Adv. No. 94-1082-LN (W.D. Okla. Aug. 14, 1994), and we refer to them only as necessary to our analysis and disposition. LIC argues that the issue of lien voidance is open on direct review because the bankruptcy court never specifically determined the status of its lien. Br. of Appellant at 20. LIC further argues that because the issue is open on direct review, this court should prevent voidance of the lien by applying Nobelman retroactively in accordance with the principles in Harper v. Virginia Department of Taxation, 509 U.S. 86, 96 (1993) (holding that when Supreme Court applies a rule of law to parties before it, the rule must be given full retroactive effect in all cases still open on direct review). We disagree.

Paragraph III(2)(a) of the Morettis' confirmed Chapter 13 Plan provides:

> Lumbermen's Investment Corp. has a first mortgage lien on the home and principal residence of the Debtors. The total amount of the debt is $70,000.00, $36,500.00 of which is secured by the aforesaid collateral. Lumbermen's Investment Corp. shall be paid $36,500.00, and shall be paid at the contract rate of interest estimated at 9.5% in two (2) monthly installments of $598.05, beginning with the first (1st) monthly payment under the plan, then in fifty-six (56) monthly installments of $795.68, beginning with the 2.1 monthly payment under the plan.

App. to Appellant's Opening Br. at Tab 13.

As the Morettis correctly argue, LIC's lien was released by an unappealed final order of the bankruptcy court, and LIC is bound by that order. Paragraph 5 of the bankruptcy court's Order Confirming the Chapter 13 Plan provides:

> Confirmation of the plan vests all of the property of the estate in the Debtors <u>free and clear of any claim or interest of any creditor</u> provided for by the plan, except the holder of an <u>allowed</u> secured claim shall retain the lien securing <u>such</u> claim until the secured value of the allowed secured claim shall have been paid at which time the lien shall be released.

<u>Id.</u> at Tab 14 (emphasis added).

It is undisputed that the Morettis have made all the payments under the Chapter 13 plan, including the requisite payments to LIC on the secured portion of its debt stated in the plan, and received their discharge. It is also undisputed that LIC participated in the plan confirmation proceedings, and did not appeal the confirmation order.

The bankruptcy code provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the

plan." 11 U.S.C. § 1327(a) (1993). With regard to those bound by a bankruptcy plan, a confirmed plan functions as a judgment. Paul v. Monts, 906 F.2d 1468, 1471 n.3 (10th Cir. 1990). When the Morettis completed their payments under the plan, paragraph 5 of the confirmation order released LIC's lien, and the plan is res judicata as to LIC and the Morettis. Laing v. Johnson (In re Laing), 31 F.3d 1050, 1051 (10th Cir. 1994) (holding confirmed Chapter 11 plan binding as final judgment on the merits); Republic Supply Co. v. Shoaf, 815 F.2d 1046, 1051 (5th Cir. 1987) (holding bankruptcy court's order entitled to res judicata effect).

Res judicata bars LIC from raising issues which could have been raised during the bankruptcy proceedings. Frandsen v. Westinghouse Corp., 46 F.3d 975, 978 (10th Cir. 1995). Because the lien was released by the confirmed and completed Chapter 13 plan, and all of the issues LIC raises on appeal pertain to the continued validity of the lien, these issues are not open on direct review, and the Morettis are entitled to summary judgment in their favor.

LIC argues for the first time in its reply brief that its due process rights have been violated. Reply Br. of Appellant at 2-3. Despite the fact that we have no obligation to consider arguments raised for the first time in the reply brief, see Zimmerman v. Sloss Equipment, Inc., 72 F.3d 822, 830 (10th Cir. 1995); Headrick v. Rockwell Int'l Corp., 24 F.3d 1272, 1277-78 (10th Cir. 1994)--especially, as in this case, when such arguments are

not developed, <u>see</u> <u>Murrell v. Shalala</u>, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994)--we have considered LIC's due process arguments and find them without merit.

For the foregoing reasons, we AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge