In re Stanley A. MOUSSA, Debtor.

Duke SALISBURY, Trustee, Plaintiff,

v.

Stanley A. MOUSSA, Defendant.

Bankruptcy No. 387–31820–HCA–11.

Adv. No. 388–3502.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Feb. 13, 1989.

See also, Bkrtcy., 93 B.R. 96.

Louis R. Strubeck, Jr., Fulbright & Jaworski, Dallas, Tex., for Duke Salisbury, Trustee/plaintiff.

Philip I. Palmer, Jr., David A. Lerner, Palmer & Palmer, P.C., Dallas, Tex., for debtor/defendant.

## MEMORANDUM OPINION

HAROLD C. ABRAMSON,
Bankruptcy Judge.

This opinion addresses the question of whether a plan of reorganization adopted under 11 U.S.C. § 1101 can extend deadlines for creditors' objections to a debtor's general discharge. This Court finds that compliance with the procedures of Bankruptcy Rule of Procedure 4004(a) and (b) is the exclusive means of enlarging the time period for filing dischargeability objections under 11 U.S.C. § 727(a). However, the plan of reorganization in the present case extended the time for. filing an objection, and no party objected to the plan of reorganization or the confirmation order. Therefore, the plan because of the doctrine of res judicata bars the debtor's collateral attack on the order and is binding on all parties. Accordingly, the time period for filing dischargeability objections under 11 U.S.C. § 727(a) established under the confirmed plan of reorganization will be given effect. The following constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule of Procedure 7052.

## FINDINGS OF FACT

The debtor, Mr. Stanley A. Moussa ("Moussa"), petitioned for Chapter 11 relief on April 3, 1987. Mr. Duke Salisbury ("the Trustee") was appointed trustee for the estate in September 1987. A hearing on confirmation of the plan of reorganization was set for January 21, 1988; however, this hearing was cancelled to allow the trustee to amend the plan of reorganization. An amended plan was filed on January 29, 1988 and confirmed on March 2, 1988.

Under its terms, the Amended Plan became effective sixty days after becoming a final order. Creditors then had sixty days after the effective date to file objections to Moussa's discharge. The bar date for objecting to discharge under the Amended Plan was July 11, 1988. On July 8, 1988,

the trustee filed an objection to discharge under 11 U.S.C. § 727(a).

## DISCUSSION OF LAW

The issue before the Court is whether to give effect to the Plan's bar date as to objection to discharge of debtor. Moussa argues that the Trustee's objection is barred under Bankruptcy Rule of Procedure 4004 which governs time limits for filing an objection to the debtor's discharge. The Trustee responds by noting that the objection was timely filed under the provisions of the Amended Plan; that the Plan itself could be viewed as a timely motion under Rule 4004(b) for extension of the deadline for objections, and that Moussa is estopped from challenging the Amended Plan's extension since Moussa agreed to the extension, and the Trustee relied on it. In deciding, the Court looks first to Bankruptcy Rule of Procedure 4004(a) which limits the time for objecting to discharge under section 727(a).

Rule 4004(a) requires that section 727 objections in a Chapter 11 reorganization be "filed not later than the first date set for the hearing on confirmation." The facts indicate that the final day for filing objections pursuant to Rule 4004 was January 21, 1988. The Trustee filed his objection on July 8, 1988. Accordingly, under a strict interpretation of Rule 4004, the Trustee's objection would ordinarily have been time-barred by Rule 4004.[1]

The Trustee next argues that the plan itself is a timely request for extension of the deadline. Extensions of the time limits in Rule 4004(a) are governed by Rule 4004(b) which states:

> On motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.

Bankr.R.Proc. 4004(b).

The Trustee cannot use Rule 4004(b) in this situation. Applying the Rule to our facts, the Amended Plan was not a motion, nor was a hearing on notice held concerning the extension. The Trustee's argument is an afterthought designed to correct an ordinarily time-barred objection. Accordingly, because Rule 4004(b) requires the request for extension to be made "before such time has expired," the Plan as a request for extension would also be time-barred.[2]

The Court's restrictive interpretation of Rule 4004(b) is mandated by Bankruptcy Rule of Procedure 9006(b)(3) which limits the court's flexibility in extending time limits in a number of situations. Rule 9006(b)(3) states in relevant part: "The court may enlarge the time for taking action under Rules ... 4004(a) ... only to the extent and under the conditions stated in those rules." Rules Bankr.Proc.Rule 9006(b)(3).

The case law interpreting Rule 4004 and its companion rule, Rule 4007(c), confirms the necessity of a restrictive approach. The cases start from the proposition that Congress intended to restrict the court's flexibility in granting extensions of time to file objections to discharge when it created Rule 4004 in 1983. For example, the court refused to allow two creditors to "piggyback" onto an extension filed by another creditor in the case of *In re Floyd*, 37 B.R. 890 (Bankr.N.D.Tex.1984). *See also In re Figueroa*, 33 B.R. 298 (Bankr.S.D.N.Y. 1983), *In re Puente*, 49 B.R. 966 (Bankr.W. D.N.Y.1985) and *In re Klein*, 64 B.R. 372 (Bankr.E.D.N.Y.1986) for restrictive approaches to Rules 4004 and 4007.

The rationale for limiting the court's power to grant extensions is discussed in the case of *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987) where the Fifth Circuit refused to allow an objection to discharge filed 10 days after the 60 day period for filing objections under Rule 4007(c) had run. The court stated:

> This fixed, relatively short limitation period enables the debtor and creditors to

---

**1.** Although the Trustee would be time-barred under Rule 4004, that Rule does not govern the outcome of this case as further discussion will show.

**2.** Id.

make better-informed decisions early in the proceedings. In Chapter 11 cases, the debtor is better able to formulate a timely reorganization plan and the creditors are better able to evaluate the feasibility of the plan.

*Id.* at 346–347.

 The Trustee's final argument, that the Debtor should be estopped from challenging the extension granted in the Plan of Reorganization since the Debtor agreed to it, and the Trustee relied on it, has some merit. However, this Court believes res judicata disposes of the issue, giving effect to the Plan's bar date. In particular, the Court looks to *Republic Supply Co. v. Shoaf,* 815 F.2d 1046 (5th Cir.1987). In *Shoaf,* the Fifth Circuit held that res judicata bars a creditor from challenging the release of a non-debtor guarantor under a plan of reorganization where the creditor did not object to the release until after the confirmation. The Court upheld the Plan's release of the guarantor despite the Court's statement that release of a non-debtor guarantor probably exceeded the bankruptcy court's power under 11 U.S.C. § 524.[3] The Fifth Circuit concluded that the bankruptcy court's order of confirmation was a final order subject to review by a higher court. The Court noted: "[Q]uestions of the propriety or legality of the bankruptcy court confirmation order are indeed properly addressable on direct appeal." *Id.* at 1050. Because Republic Supply did not appeal the release in the confirmation order, the issue was barred by res judicata.

Applying the *Shoaf* analysis to our facts, the time limitations implemented in the Plan of Reorganization are controlling rather than the time limitations imposed by Rule 4004. Accordingly, the Trustee can maintain his objection to the Debtor's discharge under Section 727(a) because he filed it within the time period specified by the Plan of Reorganization confirmed by this Court. The Debtor is bound by the terms of the Plan both by res judicata and by the express language of 11 U.S.C. § 1141(a).[4]

## CONCLUSION

For the reasons outlined above, this Court holds that while Rule 4004 governs the time limits for filing objections to discharge under 11 U.S.C. § 727, res judicata bars the debtor from now objecting to a plan of reorganization that extends the time to object.

---

3. 11 U.S.C. § 524(e) states: "Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."

4. 11 U.S.C. § 1141(a) states in part: "the provisions of a confirmed plan bind the debtor ..."