**In re Vern Odean LAING, M.D., Debtor.**

**Lawrence A.G. JOHNSON and Don Bradshaw, Plaintiffs,**

**v.**

**Vern O. LAING, Defendant.**

**Bankruptcy No. 92–00612–C.**
**Adv. No. 92–0056–C.**

United States Bankruptcy Court, N.D. Oklahoma.

Oct. 22, 1992.

Lawrence A.G. Johnson, Tulsa, Okl., for plaintiffs.

Kenneth G.M. Mather, Tulsa, Okl., for defendant.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Chief Judge.

This matter comes before the Court upon the Cross Motions for Summary Judgment filed by Lawrence A.G. Johnson and Don Bradshaw ("Plaintiffs") and the Defendant, Vern Odean Laing, ("Debtor") in regard to the dischargeability of Plaintiffs' debt. The parties have filed numerous briefs in support of their respective positions. Upon careful consideration of the arguments and the authorities presented, the Court finds as follows:

### Procedural History

Debtor has filed four petitions in bankruptcy. The first was a Chapter 7 filed in 1984. Debtor was granted a discharge in this bankruptcy. The second was a Chapter 13 filed in 1988, which Debtor dismissed and in which no discharge was granted. The third was a Chapter 11 filed in 1988, in which a plan was confirmed. The Plan specifically provided that "the Debtor shall not be discharged of any of his pre-petition debts." This case was converted to Chapter 7 in February 1992, and remains open. No discharge will be granted because the 1988 Chapter 11 was filed within six years of Debtor's 1984 discharge and because Debtor's confirmed plan waived a discharge. The fourth and present bankruptcy was a Chapter 7 filed on December 11, 1991, in Dallas, Texas. The case was subsequently transferred to this venue on Feb-

ruary 19, 1992, and given a 1992 case number.

Debtor will be granted a discharge in the present Chapter 7 case because it was filed more than six years after his previous discharge in 1984 and no objections to discharge have been filed within the allotted time. The only question before the Court is whether the debt of Plaintiffs is a nondischargeable debt to be excepted from discharge.

### Factual Background

The trouble between the parties and the debt to the Plaintiffs arose in connection with their co-ownership interests in an airplane. This Court, the state court, the United States District Court for the Northern District of Oklahoma, and the Tenth Circuit Court of Appeals have examined the facts and circumstances surrounding this controversy. This Court will not discuss those facts and circumstances again.[1]

During the 1988 Chapter 11, this Court determined the amount of Plaintiffs' claim to be $29,666.00.[2] On September 27, 1989, the Court held a hearing on Debtor's Fourth Amended Chapter 11 Plan. The Plaintiffs objected to confirmation of Debtor's plan because of the treatment of their claim. At that time, Debtor agreed in open court that if the Plaintiffs would accept the plan then Debtor would agree that Plaintiffs' debt was nondischargeable at the present time and in any future Chapter 7. Based on this agreement, the Plaintiffs withdrew their objections to the plan. Debtor filed his Fifth Amended Chapter 11 Plan on September 28, 1989. The Plaintiffs' claim was dealt with as follows:

As to the claim of (Plaintiffs), in open court the said creditors offered to withdraw all objections to the plan provided the Debtor waive a discharge as to the claim of (Plaintiffs) in *any* future bankruptcy pursuant to 11 U.S.C. § 727(a)(10). The Court fully advised the

Debtor that he had an unqualified right to file a Chapter 7 bankruptcy when eligible and further advised the Debtor as to the consequences of waiving the discharge of said debt and his agreement in open court not to seek the discharge of said debt in any future bankruptcy, notwithstanding the pending appeal by (Plaintiffs) regarding the partial denial of their claim, the Court, in approving said plan, makes the specific finding that the Debtor agreed in open court that said debt, in whatsoever amount it be [sic] ultimately be determined by the appeals court, is not a dischargeable debt, and the Debtor specifically waives any discharge as to the same, and the Court specifically finds that said agreement and waiver was a conscious and informed judgment by the Debtor who was fully informed of the consequences of waiver of discharge of the (Plaintiffs) debt in *any* future bankruptcy that may be filed by the Debtor, and said debt, in the present amount of $29,666.00 or as may be ultimately determined by the appellate courts, is hereby declared to be non-dischargeable.[3]

In the Order Confirming Plan, this Court determined that the Fifth Amended Chapter 11 Plan complied with § 1129(a) of the Bankruptcy Code and should be confirmed. The Order contained the following language in regard to the Plaintiffs' claim:

[I]f the Debtor does file for relief under Chapter 7 of the Bankruptcy Code prior to the completion of all payments set out in the Debtor's Fifth Amended Plan and prior to the payment in full of the finally allowed claim of [Plaintiffs], any remaining claim of [Plaintiffs] is hereby declared to be nondischargeable all pursuant to the specific terms set out in the Debtor's Fifth Amended Plan.

Subsequent to confirmation, Debtor encountered difficulties which made it impos-

---

1. *See* this Court's decision dated June 16, 1989, which allowed the Plaintiffs' claim.

2. The district court affirmed this decision, but the Tenth Circuit Court of Appeals reversed and determined the amount of Plaintiffs' claim to be $65,550.42.

3. It should be noted that at the time of confirmation of Debtor's Fifth Amended Chapter 11 Plan, the Court of Appeals had not yet increased the amount of Plaintiffs' claim from $29,666.00 to $65,550.42.

sible to consummate his plan. The first occurred when the Tenth Circuit increased the amount of Plaintiffs' claim to $65,550.00. The second occurred upon entry of a divorce decree in state court, requiring Debtor to pay a large sum of monthly alimony.[4] As indicated above, Debtor's Chapter 11 case has been converted to Chapter 7.

On March 2, 1992, the Plaintiffs filed this adversary complaint, within the 1992 Chapter 7, objecting to the dischargeability of their debt on numerous grounds. The complaint requests that the debt be declared nondischargeable under § 523(a)(4) and (6) of the Bankruptcy Code, and/or on the basis of judicial estoppel, collateral estoppel, res judicata, accord and satisfaction, compromise and settlement, waiver, due to Debtor's treatment of their claim in the confirmed Chapter 11 plan. As previously stated, Debtor's Fifth Amended Chapter 11 Plan expressly declared the Plaintiffs' debt to be nondischargeable and waived its discharge in any subsequent bankruptcy.

### Arguments and Analysis

■ The issue before the Court is whether the provisions of the Chapter 11 Plan and Order Confirming Plan in regard to the nondischargeability of Plaintiffs' debt are binding on Debtor in a subsequent bankruptcy. This question requires the Court to consider the effect of a confirmed plan.

■ Section 1141 of the Bankruptcy Code is entitled "Effect of confirmation." The effect of confirmation under the plain language of § 1141(a) is to bind all parties to the terms of the plan.[5] It binds not only creditors but debtors as well. In essence, a confirmed plan is a binding contract and is res judicata as to all issues decided. *Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938); *Paul v. Monts*, 906 F.2d

1468 (10th Cir.1990) (holding that confirmation of a Chapter 11 plan creates a binding contract which may be enforced in state court). This is true even if the plan is not consummated and the Chapter 11 is converted to Chapter 7. *See In re Blanton Smith Corp.*, 81 B.R. 440 (Bankr. M.D.Tenn.1987). Once a plan is confirmed, neither a debtor nor a creditor may assert rights that are inconsistent with its provisions. *In re Riverside Nursing Home*, 137 B.R. 134 (Bankr.S.D.N.Y.1992). *See also Republic Supply Company v. Shoaf*, 815 F.2d 1046 (5th Cir.1987); *In re Stratford of Texas, Inc.*, 635 F.2d 365 (5th Cir.1981); *In re Dooley*, 116 B.R. 573 (Bankr.S.D.Ohio 1990); *In re Moussa*, 95 B.R. 449 (Bankr. N.D.Tex.1989); *In re Astroglass Boat Co., Inc.*, 32 B.R. 538 (Bankr.M.D.Tenn.1983).

In a thorough discussion of the binding effect of a confirmed plan, the Court in *In re Blanton Smith Corp., supra* stated:

[T]he Supreme Court [has] determined that the order confirming a plan of reorganization is *res judicata. Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938), reh den'd, 305 U.S. 675, 59 S.Ct. 250, 83 L.Ed. 437 (1938). In subsequent decisions, the courts of other circuits, relying on *Stoll*, have held a confirmation order to be equivalent to a judgment. In *Miller v. Meinhard–Commercial Corporation*, 462 F.2d 358, 360 (5th Cir.1972), the Fifth Circuit stated:

An arrangement confirmed by a bankruptcy court has the effect of a judgment rendered by a district court, and any attempt by the parties or those in privity with them to relitigate any of the matters that were raised or could have been raised therein is barred un-

---

**4.** This Court recently held in another adversary arising within this 1992 Chapter 7 that the monthly payments ordered to be paid Debtor's ex-wife represented alimony and were nondischargeable, except to the extent Debtor was required to make payments on his own car.

**5.** Section 1141(a) states:
(a) Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor, any entity

issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan.

der the doctrine *res judicata.* (citations omitted).

81 B.R. at 442.

■ The binding effect of a confirmed plan extends to provisions that are later determined to be inconsistent with bankruptcy law. As the court stated in *Republic Supply Company v. Shoaf, supra:*

> Regardless of whether that provision is inconsistent with the bankruptcy laws or within the authority of the bankruptcy court, it is nonetheless included in the Plan, which was confirmed by the bankruptcy court without objection and was not appealed.

815 F.2d at 1050.

Additionally, § 1141(d)(1) of the Bankruptcy Code provides that a confirmed Chapter 11 plan works to discharge a debtor from all pre-confirmation debts *"[e]xcept as otherwise provided in ... the plan, or in the order confirming the plan...."* (Emphasis added). Therefore, the Bankruptcy Code expressly contemplates that a Chapter 11 plan may provide for special treatment of a claim relative to its dischargeability by insertion of a specific provision in the plan. In this case, Debtor's Fifth Plan specifically provides that the Plaintiffs' claim "is not a dischargeable debt, and Debtor specifically waives any discharge as to the same[.]" The plan was confirmed only after Debtor was fully informed of the consequences of inserting of such a provision and Debtor expressly agreed to its inclusion.

The Court recognizes that the provision contained in this plan is unusual and creates a harsh result. However, under the Bankruptcy Code both Debtor and his creditors are bound by the provisions of a confirmed plan even in a subsequent bankruptcy. Debtor expressly agreed to the terms of this plan which was confirmed and is bound thereby.

This Court need not address the Plaintiffs' arguments that Debtor is bound by the terms of the Plan on the basis of res judicata, judicial or collateral estoppel or

waiver because § 1141 of the Bankruptcy Code in effect codifies these principles.

Debtor raises three principal arguments as to why he should not be bound by the terms of the Fifth Amended Chapter 11 Plan or the Order Confirming Plan in this subsequent bankruptcy. First, Debtor asserts that § 727(a)(10) of the Bankruptcy Code, which was referred to in the paragraph of the confirmed plan dealing with the nondischargeability of Plaintiffs' debt, is inappropriate and therefore renders the entire paragraph void and unenforceable. It is true that § 727(a)(10) does not apply in a Chapter 11 or to the discharge of an individual debt.[6] However, aside from any reference to § 727(a)(10), it is clear from the terms of the Plan that Debtor intended to declare the Plaintiffs' debt nondischargeable. Therefore, any improper reference to § 727(a)(10) does not render the provisions concerning nondischargeability unenforceable.

Debtor also argues that he cannot agree to waive a discharge in a subsequent bankruptcy. This is the general rule. However, the plan in this case does much more than waive a discharge in the future. It provides that the Plaintiffs' debt "is not a dischargeable debt." Therefore, Debtor did not just waive the dischargeability of the Plaintiffs' debt in a future bankruptcy but declared the Plaintiffs' debt presently to be nondischargeable.

Lastly, Debtor points out that no adversary proceeding requesting the nondischargeability of Plaintiffs' debt was filed and therefore there has been no determination that Plaintiffs' debt is nondischargeable. The Court rejects this argument because of the express language in § 1141 of the Bankruptcy Code. Ordinarily, in order for a debt to be held nondischargeable, the creditor must file an adversary proceeding and prove that its debt is nondischargeable under § 523 of the Bankruptcy Code. However, § 1141(d) contemplates that the plan may provide an alternative arrangement. In this case, Debtor agreed that the

---

**6.** Under § 727(a)(10) of the Bankruptcy Code: "The Court shall grant the debtor a discharge, unless ... the court approves a written waiver of discharge executed by the debtor *after the order for relief under this chapter."* (Emphasis added).

Plaintiffs' debt was nondischargeable. Debtor's intention was explicitly set forth in the plan. Therefore, there was no reason for the Plaintiffs to file an adversary complaint to determine the nondischargeability of their claim. The Plaintiffs relied on the provisions of the plan which the Court holds they were entitled to do.[7]

A separate order consistent with this Memorandum Opinion shall be entered.

See also 146 B.R. 492, 141 B.R. 231.

**7.** Even though there was no adversary proceeding filed, there was a factual basis for the Debtor agreeing that the Plaintiffs' claim was nondischargeable: In the order allowing the Plaintiffs' claim, the Court found that Debtor had breached a fiduciary duty to the Plaintiffs. Under § 523(a)(4) of the Bankruptcy Code such finding would render the debt nondischargeable.