In re Vern O. LAING, Debtor.

Vern O. LAING, Appellant,

v.

Lawrence A.G. JOHNSON and Don Bradshaw, Appellees.

No. 93–5267.

United States Court of Appeals, Tenth Circuit.

Aug. 8, 1994.

Kenneth G.M. Mather and Steven W. Soulè, Hall, Still, Hardwick, Gable, Golden & Nelson, P.C., Tulsa, OK, for appellant.

Lawrence A.G. Johnson, Tulsa, OK, for appellee Bradshaw, and pro se.

Before ANDERSON and KELLY, Circuit Judges, and LUNGSTRUM,† District Judge.

† The Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

STEPHEN H. ANDERSON, Circuit Judge.

The debtor, Vern Laing, appeals the district court's order affirming the bankruptcy court's decision that Laing could not discharge a particular debt in his Chapter 7 bankruptcy. We affirm because we agree with the district court that res judicata prevents Laing from relitigating the dischargeability of the debt.

## BACKGROUND

Laing wants to discharge a debt to the appellees, Don Bradshaw and Lawrence Johnson, in his current Chapter 7 bankruptcy. Laing and Johnson, Laing's former attorney, owned an airplane through a joint venture. Laing defaulted on the promissory note he signed to finance the airplane, and the bank sued to recover on the note and foreclose on the airplane. Bradshaw, Johnson's friend, bought the Laing note and security interest from the bank, released his interest in the airplane, and successfully sued Laing on the note in state court.

In 1988 Laing filed a petition for bankruptcy relief under Chapter 11. In his fifth amended Chapter 11 plan, Laing stipulated that his debt to Johnson and Bradshaw was not dischargeable and waived discharge in any future bankruptcy. Appellant's App. at 86–87. The court also entered an order declaring that the debt was not dischargeable. Appellant's Br.Ex. B. This Chapter 11 case was converted to Chapter 7 in 1992 and remains open.

In 1991 Laing filed a separate Chapter 7 petition. The bankruptcy court held that Laing could not discharge the debt because Laing's confirmed Chapter 11 plan precluded relitigation of the debt's dischargeability. The district court agreed, then Laing appealed to this court.

## DISCUSSION

■ Laing's earlier confirmed Chapter 11 plan binds him as a final judgment on the merits. *See* 11 U.S.C. § 1141(a); *Paul v. Monts*, 906 F.2d 1468, 1471 n. 3 (10th Cir. 1990) ("[A] confirmed plan functions as a judgment with regard to those bound by the plan...."); *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1051 (5th Cir.1987). This is true even though the Chapter 11 bankruptcy was later converted to Chapter 7. *See Bank of La. v. Pavlovich (In re Pavlovich)*, 952 F.2d 114 (5th Cir.1992) (holding that order confirming Chapter 11 plan precluded creditor's claim of nondischargeability in Chapter 7 case to which Chapter 11 was converted); *In re Blanton Smith Corp.*, 81 B.R. 440 (Bankr.M.D.Tenn.1987).

■ Since the same parties are involved here, Laing may not argue in this case that his debt is dischargeable if the issue "[was] or could have been raised in the prior action." *Northern Natural Gas Co. v. Grounds*, 931 F.2d 678, 681 (10th Cir.1991); *see also Satsky v. Paramount Communications, Inc.*, 7 F.3d 1464, 1467 (10th Cir.1993).

Laing did not actually argue and present evidence regarding the dischargeability of his debt in the earlier Chapter 11 confirmation hearing. The parties merely agreed that the debt was nondischargeable, and the court so ordered. Nevertheless, Laing could have objected and avoided the binding effect of that declaration. *See Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 375, 60 S.Ct. 317, 319, 84 L.Ed. 329 (1940); *Republic Supply*, 815 F.2d at 1052–53. Objecting may not have led to actually litigating the issue, since Johnson and Bradshaw had not filed an action to declare the debt nondischargeable, but at least it would have prevented the court from entering a binding order declaring the debt nondischargeable.

■ Not only could Laing have raised the issue, but the parties actually did. The final judgment expressly declared the debt nondischargeable. Although by agreement rather than litigation, that order has "the same effect as a district court's judgment on the merits." *Eubanks v. FDIC*, 977 F.2d 166, 170 (5th Cir.1992); *see also Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 538–39 (5th Cir.1978) (observing that a judgment by consent is still an adjudication). The plan's stipulation, along with the order declaring the debt nondischargeable, binds Laing "[r]egardless of whether that provision is inconsistent with the bank-

ruptcy laws" because "it is nonetheless included in the Plan, which was confirmed by the bankruptcy court without objection and was not appealed." *Republic Supply,* 815 F.2d at 1050; *see also Chicot County Drainage Dist.,* 308 U.S. at 375, 60 S.Ct. at 319; *Blanton Smith Corp.,* 81 B.R. at 443.

We therefore AFFIRM the district court's judgment.