**In re BURTON SECURITIES S.A., Debtor.**

**TOR HUSJORD SHIPPING, Appellant,**

v.

**PORT ISABEL/SAN BENITO NAVIGATION DISTRICT, et al., Appellees.**

C.A. No. C–96–68.

United States District Court,
S.D. Texas,
Corpus Christi Division.

July 2, 1996.

**414**

Warren J. Fields, Fields & Vervoort, Jeffrey A. Shadwick, Houston, TX, for Burton Securities NA.

Robert W. Woolsey, Woolsey & Cassidy, Corpus Christi, TX, for Tor Husjord Shipping.

Keith Uhless, Brownsville, TX, for Marine Salvage, Inc., Sea Garden Sales Co., Inc., Valley Ice & Fuel, Inc. dba Valley Lubricants Fire Protection Services, Inc., Brazos Santiago Pilots Association, Newpark Shipbuilding & Repair, Inc., Snodgrass, Inc., White Lumber & Supply, Inc., Marine Electric Services, Inc., Jardine, Emett & Chandler.

Port Isabel/San Benito Navigation Dist., Port Isabel, TX, pro se.

Marvin Joseph Wanner, Sorrell, Anderson, Lehrman, Wanner & Thomas, Corpus Christi, TX, for Port Isabel/San Benito Navigation District.

Harrell Z. Browning, Corpus Christi, TX, for Liquidating Trustee.

Thomas Lynn Busby, Kleberg & Head, Corpus Christi, TX, for Europa Cruises Corporation, Butler, Snow, Omara, Stevens & Cannada.

James Thomas McMillen, Corpus Christi, TX, for Harrell Z. Browning, Liquidating Trustee.

## ORDER ON APPEAL FROM FINAL ORDER ON LIQUIDATING TRUSTEE'S MOTION FOR DISTRIBUTION TO CREDITORS AND DECLARATION OF RELATIVE RIGHTS OF PARTIES TO PARTICIPATE IN DISTRIBUTION

JACK, District Judge.

On this date came on to be considered Appellant TOR Husjord Shipping's ("TOR") Appeal from Final Order on Liquidating Trustee's Motion for Distribution to Creditors and Declaration of Relative Rights of Parties to Participate in the Distribution as Said Motion Pertains to TOR's Claims.

### I. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. §§ 158(a) and 1334.

### II. PROCEDURAL & FACTUAL HISTORY

Burton Securities ("Debtor") owned a gambling vessel, Le Mistral, which Appellant TOR operated pursuant to a management agreement with Debtor. Appellees Marine Salvage, Inc.; Sea Garden Sales Co., Inc.; Valley Ice & Fuel, Inc. d/b/a Valley Lubricants; Brazos Santiago Pilots Association; Newpark Resources, Inc.; Snodgrass, Inc.; White Lumber & Supply, Inc.; Marine Electric Services, Inc.; and Jardine, Emett & Chandler Insurance Brokers (hereinafter "Tier One Creditors") provided various necessities to the Le Mistral. Debtor also incurred numerous claims of indebtedness in the operation of its business to Appellee Port Isabel/San Benito Navigation District ("Port Isabel"). In 1989, Appellant TOR filed a lawsuit in the United States District Court for the Southern District of Texas, Brownsville Division, against Le Mistral and Debtor to foreclose on a maritime lien.

On August 14, 1991, Debtor filed a voluntary chapter 11 proceeding in the United State Bankruptcy Court for the Southern District of Texas, Corpus Christi Division.

After Debtor filed its bankruptcy petition, Appellees and Appellant proposed a Creditor Plan of Reorganization (the "Plan") which the bankruptcy court confirmed on December 1, 1992. (Record on Appeal, Item # 2, Order Confirming Creditor Plan of Reorganization).

The Plan provides for the orderly liquidation of the Debtor's property and the distribution of the proceeds to the various creditors by a liquidating trustee. (Record on Appeal, Item # 1, Creditor Plan of Reorganization, pages 2–3). The Plan sets forth the order of payment for each creditor's claim, and states that the creditors agree to the order of disbursement. (*Id.* page 32). The Plan also provides that the Tier One Creditors and Port Isabel shall be paid first and in full before any payments are made to any of the other creditors. (*Id.* pages 32–33). Further, the Plan classifies Appellant TOR as a Tier Three creditor, and states that Appellant shall receive partial payment of its proof of claim third. (*Id.* page 33). Besides from Appellant's Tier Three claim, the Plan classifies a portion of TOR's claim as Tier Four, which shall be paid after Plan Creditors in Tiers One, Two, and Three. (*Id.* pages 33–34). The Plan declares that "[e]ach Plan Creditor agrees to subordinate its claim to the claim of any other Plan Creditor which will receive a full or partial payment of its claim pursuant to the Creditor Plan, prior to the payment in full of the claim of the subordinating claim creditor." (*Id.* pages 34–35).

After Debtor filed for bankruptcy under Chapter 11, Appellant TOR's lawsuit in the United States District Court for the Southern District of Texas, Brownsville Division, was transferred to the bankruptcy court. The Debtor filed an objection to Appellant's claim. On January 15, 1993, the bankruptcy court ruled that Appellant's claim was allowed as a secured claim to the following extent: $104,106.16, plus pre-judgment interest at the rate of 6% per annum; losses under the management agreement in the amount of $42,000.00; finder's fee in the amount of $26,700.00; and attorney's fees in the amount of $50,000.00. (Record on Appeal, Item # 4, Order on Objection to Claim of TOR Husjord Shipping A/S).

On June 2, 1995, the Liquidating Trustee filed a Motion for Approval of Proposed Distribution to Creditors and for Declaration of the Relative Rights of the Parties to Participate in the Distribution, (Record on Appeal, Item # 6, Motion for Approval of Proposed Distribution to Creditors), to which the Tier One Creditors filed an objection. (Record on Appeal, Item # 7, Objection and Response of Tier One Creditors). On July 12, 1995, the bankruptcy court entered an order on the Liquidating Trustee's motion as said motion pertains to TOR's claims, holding that the confirmed plan of reorganization set forth the priorities and that the Liquidating Trustee shall make distributions according to the priorities provided in the Plan. The bankruptcy court further held that Appellant's claim was not entitled to be elevated above its treatment in the confirmed Plan. Appellant filed a motion for reconsideration of this order which the bankruptcy court denied. (Record on Appeal, Items # 9 and 10). Thereafter, Appellant filed a notice of appeal regarding the Final Order on Liquidating Trustee's Motion for Distribution to Creditors and Declaration of Relative Rights of Parties to Participate in the Distribution as said Motion Pertains to TOR's Claims.

On appeal, Appellant TOR raises various issues concerning distribution under the Plan. TOR asserts that the bankruptcy court erred by entering an order that the Liquidating Trustee shall recognize the scheme of payment as set forth in the confirmed creditor Plan. In particular, Appellant maintains that this order by the bankruptcy court constitutes a form of relief under Bankruptcy Rule 9024 and Rule 60 of the Federal Rules of Civil Procedure, which is barred by Rule 60(b)'s one-year limitations period. In addition, TOR contests the priority the Plan gives the Tier One Creditors who supplied necessaries to the Debtor's vessel. Finally, TOR argues that its secured claim passes through the bankruptcy and the confirmed plan of reorganization unaffected.

Appellees respond with two arguments: (1) TOR's appeal must be dismissed under the bankruptcy doctrine of "mootness" since Appellant failed to seek a stay which has

resulted in substantial consummation of the Plan; and (2) the doctrine of res judicata bars the issues raised by Appellant on appeal.

On June 7, 1996, this Court heard oral arguments by TOR and Appellees in this appeal. During this hearing, the Court entered an order allowing Appellant TOR and Appellees to further brief the issue whether TOR's secured claim passes through the bankruptcy proceedings unaffected.

### III. STANDARD OF REVIEW

This Court has capacity to hear appeals from decisions of a bankruptcy court. *See,* 28 U.S.C. § 158. The Court reviews findings of fact by the bankruptcy court under the clearly erroneously standard and decides issues of law de novo. *Matter of Haber Oil Co., Inc.,* 12 F.3d 426, 434 (5th Cir.1994); *Matter of Killebrew,* 888 F.2d 1516, 1519 (5th Cir.1989). "A finding of fact is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *Matter of Haber Oil Co., Inc.* 12 F.3d at 434 (citations omitted).

### IV. DISCUSSION

#### A. MOOTNESS

▮ Appellees assert that the Court should dismiss TOR's appeal as moot since TOR failed to seek a stay which has resulted in substantial consummation of the Plan. The Fifth Circuit employs a specific doctrine of "mootness" to address equitable concerns unique to bankruptcy cases. *See, e.g., Manges v. Seattle–First Nat'l Bank (In re Manges),* 29 F.3d 1034 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1105, 130 L.Ed.2d 1071 (1995); *Ronit, Inc. v. Stemson Corp. (Matter of Block Shim Dev. Co.),* 939 F.2d 289 (5th Cir.1991); *Halliburton Serv. v. Crystal Oil Co.,* 854 F.2d 79 (5th Cir.1988). In the context of bankruptcy appeals, "mootness" is not an Article III inquiry as to whether a live controversy is presented, but instead, an acknowledgement that there is a point beyond which a court cannot order fundamental changes in reorganization ac-

tions. *Manges,* 29 F.3d at 1038–39. The important issue to be determined by a court in making a determination of mootness is "whether it is prudential to upset the plan of reorganization at this late date." *Id.* (citing *In re UNR Indus., Inc.,* 20 F.3d 766, 769 (7th Cir.1994)).

▮ The Fifth Circuit examines three factors to determine whether a bankruptcy appeal should be dismissed for mootness reasons: (1) whether a stay has been obtained; (2) whether the plan has been "substantially consummated"; and (3) whether the relief requested would affect the success of the plan or the rights of parties not before the court. *Manges,* 29 F.3d at 1039; *Ronit,* 939 F.2d at 291; *Halliburton,* 854 F.2d at 81–82. The Court evaluates each of these factors in turn.

▮ The first factor considers whether a stay has been obtained. *Manges,* 29 F.3d at 1039. TOR contends that under Fed. R.Civ.P. 62, which is made applicable to bankruptcy proceedings by Bankruptcy Rule 7062, an appellant who fails to furnish a supersedeas bond does not thereby lose its right to appeal. *In re Farrell Lines, Inc.,* 761 F.2d 796, 797 (D.C.Cir.1985). Nonetheless, although a stay is not a *per se* requirement for an appeal, *Ronit,* 939 F.2d at 291, failure to obtain a stay pending appeal carries the risk that review might be precluded on mootness grounds; many bankruptcy appeals are dismissed for this reason. *Manges,* 29 F.3d at 1039–40. In the Fifth Circuit, failure to seek a stay of the bankruptcy court's action justifies dismissal of an appeal on mootness grounds where the appellant's "inaction [in failing to seek a stay] has led to the consummation of the plan [it] now contest[s]." *Ronit,* 939 F.2d at 291; *Cleveland, Barrios, Kingsdorf & Casteix v. Thibaut,* 166 B.R. 281, 287 (E.D.La.1994). Here, Appellant failed to seek a stay, and its inaction led to consummation of the plan it now contests. Consequently, analysis of the first factor counsels in favor of dismissing Appellant's bankruptcy appeal as moot.

▮ The second factor considers whether the plan has been substantially commenced. *Manges,* 29 F.3d at 1039; *Ronit,*

939 F.2d at 291. Courts use the statutory measure of substantial compliance to inform their judgment as to when finality concerns and the reliance interests upon the plan as effectuated have become paramount to a resolution of the dispute between the parties on appeal. *Manges,* 29 F.3d at 1040. The statutory definition of "substantial compliance" is as follows:

> (a) transfer of all or substantially all of the property proposed by the plan to be transferred;
>
> (b) assumption by the Debtor or by the successor to the Debtor under the plan or of the management of all or substantially all of the property dealt with by the plan; and
>
> (c) commencement of distribution under the plan.

11 U.S.C. § 1101(2). Here, substantially all of the property proposed by the Plan to be transferred has been transferred to the Liquidating Trustee, and distribution pursuant to the Plan has begun. Thus, both (a) and (c) of § 1011(2) are satisfied in the instant case. Although Appellant argues that its appeal should not be dismissed as moot for the reason that (b) of § 1101(2) is not satisfied, the Court finds that this contention lacks merit since in *Ronit, supra,* the Fifth Circuit upheld a district court's ruling on mootness where, as here, only (a) and (c) of § 1101(2) were met. *Ronit,* 939 F.2d at 291. Consequently, analysis of the second factor suggests that the Plan has been substantially commenced, and points in favor of dismissing Appellant's appeal under the doctrine of mootness.

■ Under the third factor, the Court considers whether the relief requested by Appellant would affect either the success of the Plan or the rights of parties not before the Court. *Manges,* 29 F.3d at 1039. Here, Appellant was a proponent of the Plan approved by the bankruptcy court on December 1, 1992. More importantly, the Plan has been commenced, and proceeds distributed by the Liquidating Trustee to creditors. Even though creditors have relied on the Plan's classifications, Appellant seeks for this Court to order Appellees and other creditors to repay money they have already received pursuant to the Plan. The Court concludes that such relief would affect the success of the Plan, and jeopardize the Plan as approved by the bankruptcy court.

In sum, the controlling of law of the Fifth Circuit requires that an appeal be dismissed for mootness where, as here, an appellant's failure to request a stay has resulted in substantial consummation of the Plan it now contests. *Ronit,* 939 F.2d at 291; *Thibaut,* 166 B.R. at 288. Accordingly, Appellant TOR's appeal must be dismissed as moot.

**B. POWER TO PROVIDE RELIEF FROM FINAL JUDGMENT UNDER BANKRUPTCY RULE 9024 AND RULE 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

■ TOR argues that the bankruptcy court's Order on Liquidating Trustee's Motion for Distribution to Creditors and Declaration of Relative Rights of Parties to Participate in the Distribution as said Motion Pertains to TOR's Claims, constitutes a form of relief under Bankruptcy Rule 9024 and Rule 60 of the Federal Rules of Civil Procedure. Bankruptcy Rule 9024[1] incorporates Rule 60 of the Federal Rules of Civil Procedure. *In re Woodhaven, Ltd.,* 139 B.R. 745, 749 (Bankr.N.D.Ala.1992). Rule 60 provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has

---

**1.** Bankruptcy Rule 9024 provides that "Rule 60 FR Civ P applies in cases under the Code...."

Fed.R.Bankr.P. 9024.

**418**

been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b).

■ Specifically, Appellant contends that Rule 60(b)(1) and its one-year limitations period applies to the relief provided by the bankruptcy court. The one-year limitations period of Rule 60(b) only pertains to relief under clauses (1), (2), and (3) of Rule 60(b)— i.e., for mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; and fraud. *See,* Fed.R.Civ.P. 60(b); *Schauss v. Metals Depository Corp.,* 757 F.2d 649, 655 (5th Cir.1985). The one-year limitations period, however, does not apply to relief under clause (5) of Rule 60(b). *Johnson Waste Materials v. Marshall,* 611 F.2d 593, 600 (5th Cir.1980). Rule 60(b)(5) permits a court to provide relief from a judgment where "it is no longer *equitable* that the judgment should have prospective application." Fed.R.Civ.P. 60(b)(5) (emphasis supplied). Federal courts liberally construe Rule 60(b)(5) to do substantial justice where equitable considerations are involved. *Marshall,* 611 F.2d at 600–01 (5th Cir.1980). For the reasons discussed in this Order's discussion of mootness, the Court concludes that the relief provided by the bankruptcy court falls within the scope of Rule 60(b)(5) since the doctrine of mootness addresses equitable concerns unique to bankruptcy proceedings and examines the prudence of upsetting a plan of reorganization at a later date. *Manges,* 29 F.3d at 1038–39. Since the one-year period does not apply to relief pursuant to Rule 60(b)(5), *Marshall,* 611 F.2d at 600, it does not preclude the relief provided by the bankruptcy court.

## C. RES JUDICATA

■ Appellees maintain that the doctrine of res judicata bars the issues raised by Appellant in this proceeding since TOR failed to timely appeal the Order Confirming the Plan of Reorganization. Although the bankruptcy court did not address the issue of res judicata, claim preclusion may be considered for the first time on appeal as a means to affirm the decision of a court below. *United Home Rentals v. Texas Real Estate Comm'n,* 716 F.2d 324, 330 (5th Cir.1983), *cert. denied,* 466 U.S. 928, 104 S.Ct. 1712, 80 L.Ed.2d 185 (1984); *Robertson v. Interstate Sec. Co.,* 435 F.2d 784, 787 n. 4 (8th Cir.1971). The preclusive effect of a judgment presents a purely legal question which a court has discretion to resolve for the first time on appeal where proper resolution of this issue is beyond dispute or where injustice might otherwise result. *Pegues v. Morehouse Parish School Bd.,* 706 F.2d 735, 738 (5th Cir.1983). Here, the Court exercises its discretion to address the question of res judicata.

■ It is well-settled that a confirmed chapter 11 plan has a binding effect on both debtors and claimants under the plan, and functions as a judgment with regard to the parties bound by the plan. *See,* 11 U.S.C. § 1141(a); *In re Laing,* 31 F.3d 1050, 1051 (10th Cir.1994); *Republic Supply Co. v. Shoaf,* 815 F.2d 1046, 1051 (5th Cir.1987). Thus, although by agreement rather than litigation, a confirmed plan of reorganization by a bankruptcy court has the same effect as a judgment by a district court, and res judicata principles bar re-litigation of any issues raised or that could have been raised in the confirmation proceedings. *Laing,* 31 F.3d at 1051; *Eubanks v. FDIC,* 977 F.2d 166, 170 (5th Cir.1992); *Miller v. Meinhard–Commercial Corp.,* 462 F.2d 358, 360 (5th Cir.1972); *American Surety Co. of New York v. Coral Gables First Nat'l Bank (Matter of Constructors of Florida, Inc.),* 349 F.2d 595 (5th Cir.1965), *cert. denied,* 383 U.S. 912, 86 S.Ct. 886, 15 L.Ed.2d 667 (1966); 5 *Collier on Bankruptcy* ¶ 1141.01[1] (15th ed. 1995); *see, also, Stoll v. Gottlieb,* 305 U.S. 165, 170–71, 59 S.Ct. 134, 137, 83 L.Ed. 104 (1938). Without this rule there would be no finality to confirmed plans. *In re Chattanooga Wholesale Antiques, Inc.,* 930 F.2d 458, 463 (6th Cir.1991); *In re Blanton Smith Corp.,* 81 B.R. 440, 442 (M.D.Tenn.1987).

■ Application of the doctrine of res judicata is proper only if the following four

requirements are met: (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases. *Eubanks,* 977 F.2d at 169; *Shoaf,* 815 F.2d at 1051.

■ The first and second elements of the doctrine of res judicata are clearly satisfied here. First, there is identity of the parties; Appellant and Appellees are creditors who participated in the bankruptcy proceeding below, and are bound by the provisions in the confirmed chapter 11 plan. *See,* 11 U.S.C. § 1141(a); *Miller,* 462 F.2d at 360. Second, there is no dispute that the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division, had appropriate jurisdiction when it entered the order confirming the Plan on December 1, 1992.

■ Under the third element, there must be a final judgment on the merits. *Eubanks,* 977 F.2d at 169. As discussed above, a bankruptcy court's order confirming a plan of reorganization is given the same effect as a district court's judgment on the merits for claim preclusion purposes. *Id.* at 170. *See, also,* 11 U.S.C. § 1141(a); *Stoll,* 305 U.S. at 170–71, 59 S.Ct. at 137; *Shoaf,* 815 F.2d at 1053; *Miller,* 462 F.2d at 360; *American Surety Co.,* 349 F.2d at 599. Therefore, the bankruptcy court's order confirming the plan of reorganization, which it entered on December 1, 1992, is binding and accorded the weight of a final judgment for the purposes of res judicata. *See, Eubanks,* 977 F.2d at 171. Consequently, the Court finds that the third element is satisfied.

■ As to the fourth element, the Court applies the transactional test of the *Restatement (Second) of Torts § 24* to determine whether the same claim is involved in two actions. *Id.* at 171; *Shoaf,* 815 F.2d at 1053. Under this approach, a claim or legal theory is part of the same cause of action if it arises from the "same nucleus of operative facts." *Eubanks,* 977 F.2d at 171. In examining this factor, the Court looks at the factual predicate of the claims asserted rather than the legal theories upon which a party

relies. *Id.* at 171. Here, in this proceeding, Appellant raises issues on appeal concerning the treatment of its claims and the claims of the other creditors under the Plan. Appellant disputes the priority the Plan gives the Tier One Creditors who supplied necessaries to Debtor's vessel. In addition, TOR contends that the bankruptcy court erred on July 12, 1995, when it held that the confirmed plan of reorganization set forth the priorities and that all distributions shall be made by the Liquidating Trustee according to the Plan. The Court finds that the issues raised in Appellant's appeal concern the same transaction—i.e., the facts surrounding the confirmed Plan and the distribution of claims thereunder. As such, the Court concludes that the fourth element is met.

■ Accordingly, pursuant to *Stoll, Eubanks, Shoaf, Miller,* and *American Surety Co., supra,* and § 1141(a), once a bankruptcy plan is confirmed, it is binding on all parties and all questions that could have been raised pertaining the plan are entitled to res judicata effect. Since Appellant did not appeal the bankruptcy court's confirmation order entered December 1, 1992, it is a final and binding judgment, and therefore, the doctrine of res judicata bars Appellant from challenging distribution under the Plan in this proceeding since the elements for claim preclusion are satisfied. Consequently, the Court finds that the doctrine of res judicata bars the issues raised by Appellant in this proceeding and accordingly, AFFIRMS the Bankruptcy Court's Order on Liquidating Trustee's Motion for Distribution to Creditors and Declaration of the Relative Rights of the Parties to Participate in the Distribution as said Motion Pertains to TOR's Claims.

### D. DOES APPELLANT'S SECURED CLAIM PASS THROUGH BANKRUPTCY UNAFFECTED?

■ Furthermore, TOR argues that its secured claim passes through the bankruptcy proceeding and confirmed plan of reorganization unaffected. A well-established principle of bankruptcy law is that liens pass through bankruptcy proceedings unaffected. *Dewsnup v. Timm,* 502 U.S. 410, 417, 112 S.Ct. 773,

778, 116 L.Ed.2d 903 (1992); *Long v. Bullard*, 117 U.S. 617, 620–21, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886). This means that a secured creditor need not file a claim in a bankruptcy proceeding to preserve its lien, but rather may ignore the bankruptcy proceeding and look to the lien for satisfaction of its debt. *In re Be–Mac Transport Co., Inc.*, 83 F.3d 1020, 1025 (8th Cir.1996). Congress codified this principle in 1984 in 11 U.S.C. § 506(d) "to make clear that the failure of the secured creditor to file a proof of claim is not a basis for avoiding the lien of the secured creditor." *Id.* at 1025. Section 506(d) provides, in relevant part:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim such lien is void, unless—
>
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506(d)(2).

■ Nonetheless, the Court finds that TOR's contention that its secured claim passes through the bankruptcy unaffected lacks merit. First, the cases cited by Appellant in support of this argument are readily distinguishable from the present case. Plaintiff directs the Court's attention to *Matter of Lindsey*, 823 F.2d 189 (7th Cir.1987); *Empire Stevedoring Co. v. Oceanic Adjusters, Ltd.*, 315 F.Supp. 921 (S.D.N.Y.1970); *The Robert and Edwin*, 32 F.2d 390 (D.Mass. 1929); and *In re Worrell*, 67 B.R. 16 (C.D.Ill. 1986). None of these cases, however, involve a situation where, as here, a secured creditor participated in a chapter 11 bankruptcy proceeding in which a confirmed plan of reorganization provided for the payment of its claim.

■ Second, courts warn that "the principle that liens pass through bankruptcy unaffected cannot be taken literally," *Matter of Penrod*, 50 F.3d 459, 462 (7th Cir.1995), and against applying this adage where there is a confirmed chapter 11 plan of reorganization. *Matter of Penrod, supra.* The Seventh Circuit recently stated that liens generally pass through bankruptcy unaffected "unless they are brought into the bankruptcy proceeding and dealt with there." *Id.* at 463. Thus, where, as in the instant case, a lienholder participates in the bankruptcy proceeding, the creditor should know that its lien is "likely to be affected, and indeed altered." *Id.* at 462. More importantly, confirmation of a chapter 11 plan of reorganization extinguishes a creditor's lien where the plan provides for payment of the creditor's claim, but makes no provision for preservation of the lien, and the creditor participated in the bankruptcy proceedings. *Id.* at 462–63; *see, also, In re Be–Mac Transport Co., Inc.*, 83 F.3d at 1025–26. Consequently, since Appellant participated in the bankruptcy proceedings and the reorganization plan did not expressly preserve its lien, the Court concludes that the bankruptcy court's confirmation of Debtor's plan of reorganization extinguished TOR's lien.

## V. CONCLUSION

For the forgoing reasons, it is ORDERED that Appellant TOR's appeal is hereby DISMISSED as MOOT.

It is further ORDERED that Appellant's claims are barred by the doctrine of res judicata, and that the Bankruptcy Court's Order on Liquidating Trustee's Motion for Distribution to Creditors and Declaration of the Relative Rights of the Parties to Participate in the Distribution as said Motion Pertains to TOR's Claims is AFFIRMED.