In re Clement Leo **BEZOLD**, Debtor.

**Bankruptcy No. 96–13953.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Dec. 11, 1997.

Robert A. Goering, Goering & Goering, Cincinnati, OH, for Plaintiff.

William Eric Minamyer, Minamyer and McBride, Cincinnati, OH, for Defendant.

## ORDER DENYING OBJECTION TO CLAIM

J. VINCENT AUG, Jr., Bankruptcy Judge.

This matter is before the Court on the Debtor's Objection to Claim (Doc. 18) and creditors Herman and Eleanor Schulte's Response (Doc. 21). A hearing was held on November 18, 1997.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this District. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

At issue before the Court is the dischargeability of the Schultes' claim against the Debtor and the applicability of the doctrines of collateral estoppel and res judicata where the issue of dischargeability was raised in the Debtor's previous bankruptcy.

The following facts are not in dispute. On May 17, 1988, the Debtor and the Schultes were involved in an automobile accident. The Schultes initiated a negligence action [1] against the Debtor in the Hamilton County Court of Common Pleas ("State Court"), being Case Number A9001362, alleging that the Debtor was intoxicated at the time of the accident. On November 29, 1993, the Debtor filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Kentucky ("Kentucky Bankruptcy Court"), being Case Number 93–21349, effectively staying the December 2, 1993 trial date in State Court. On March 9, 1994, the Kentucky Bankruptcy Court granted the Schultes' motion for relief from stay, allowing them to proceed with their claim against the Debtor in State Court. The Schultes also initiated an adversary proceeding ("Adversary Proceeding") against the Debtor in Kentucky Bankruptcy Court, being Case Number 94–2004, alleging the debt to be nondischargeable under 11 U.S.C. § 523(a)(9) [2].

Thereafter, the parties entered into negotiations. On July 29, 1994, the Debtor and the Schultes entered into a Settlement and Release ("Settlement Agreement") which was filed in State Court. Pursuant to the Settlement Agreement, the Debtor agreed to pay $30,000.00 to the Schultes, with an additional late fee of $45,000.00. *See* Doc. 21, attachment. The Settlement Agreement states in pertinent part:

A Stipulated Entry of Dismissal shall be filed in Adversary Case No. 94–2004, U.S. Bankruptcy Court within ten days after execution of the Note (Exhibit 1). A copy of the Stipulated Entry of Dismissal is attached as Exhibit 3 hereto. Bezold agrees that the amounts due and owing on the note are not discharged or dischargeable by the orders of the U.S. Bankruptcy Court in Case No. 93–21349.

---

1. Criminal charges were also brought against the Debtor; these charges were apparently dropped. *See* Doc. 18, p. 2.

2. A debt for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated is nondischargeable under § 523(a)(9).

The Promissory Note contains in bold letters the statement that "This ... is not dischargeable in bankruptcy ..."

The Stipulated Entry of Dismissal filed in the Kentucky Bankruptcy Court states in full:

This matter is before the Court in an adversary proceeding to determine whether the claims of Eleanor and Herman Schulte are dischargeable; the Schultes having filed a complaint alleging the claim falls under the provisions of 11 U.S.C. § 523(a)(9).

The parties entered into a Settlement and Release in which Clement Leo Bezold, Jr. executed a Note to pay amounts in installment starting September 1, 1994.

It is, therefore, ORDERED that:

(1) The complaint of Eleanor and Herman Schulte in the Adversary is Dismissed;

(2) Each party shall bear its own costs and attorney fees.

The Debtor made no payments under the Settlement Agreement. On August 7, 1996, the Debtor filed the within chapter 13 bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio.

■ The Debtor contends that no judgment was entered against him in the bankruptcy proceeding; that he did not waive his discharge under 11 U.S.C. § 524; and that the Schultes may not use the doctrine of collateral estoppel against him because there was never a trial on the merits on the issue of dischargeability. In short, the Debtor contends that for the debt to be found nondischargeable, the Schultes must prove in this Bankruptcy Court their allegations that the Debtor was driving a vehicle while intoxicated.

Contrary to the Debtor's contention, a judgment was entered against the Debtor as to the dischargeability of the debt in the Kentucky Bankruptcy Court. The Settlement Agreement is quite clear. It states that "Bezold agrees that the amounts due and owing on the note are not discharged or dischargeable by the or-

ders of the U.S. Bankruptcy Court in Case No. 93–21349." (*See also* Doc. 18, p. 2). The Settlement Agreement resulted in the dismissal of the State Court action. The Settlement Agreement was directly referenced in the Stipulated Entry of Dismissal filed in the Kentucky Bankruptcy Court Adversary Proceeding. The Stipulated Entry of Dismissal references that the issue is one of dischargeability of a debt under § 523(a)(9). The Stipulated Entry of Dismissal was signed by Bankruptcy Judge William Howard[3]. The Stipulated Entry of Dismissal states that the Debtor was to begin making payments to the Schultes in September 1994. If the parties had agreed and the Kentucky Bankruptcy Court had found that the debt was dischargeable, that statement would have been nonsensical.

The fact that the Adversary Proceeding was dismissed does not invalidate the finding of nondischargeability. The fact that the Adversary Proceeding was resolved by way of a negotiated settlement does not invalidate the finding of nondischargeability. *See In re Laing*, 31 F.3d 1050 (10th Cir.1994)(order by agreement has same effect as judgment on the merits) *and In re Saler*, 205 B.R. 737, 742, 749 (Bankr.E.D.Pa.1997); *see also In re Zick*, 100 B.R. 867, 869 (Bankr.E.D.Mich. 1989)(if parties intend their settlement to bind them on certain issues and if the consent judgment reflects that intention, collateral estoppel will apply). This Court recognizes that, at least in this District, a large number of orders regarding dischargeability are entered without the matter proceeding to trial on the merits. Those orders are unquestionably valid.

Contrary to the Debtor's contention, this is not a situation where the Schultes procured from the Debtor an unenforceable waiver of discharge relative to some unforeseen bankruptcy that might be filed in the future. *See* 11 U.S.C. § 524(a); *see also In re Laing*, 146 B.R. 482, 485 (Bankr.N.D.Okla.1992)(debtor bound by agreement in prior confirmed chapter 11 plan that debt nondischargeable), *aff'd* 1993 WL 732230 (N.D.Okla.1993), *aff'd* 31

---

**3.** The parties submitted into evidence an unexecuted copy of the Stipulated Entry of Dismissal. Based on the allegations of the parties, the Court assumes the document was signed by the parties and Judge Howard and was entered in the Kentucky Bankruptcy Court.

F.3d 1050 (10th Cir.1994). The State Court action and the Kentucky Bankruptcy Court Adversary Proceeding were progressing on simultaneous and parallel tracks. The Debtor was afforded all the protection of the Kentucky Bankruptcy Court when he agreed to the nondischargeability of the debt. *See In re Laing,* 1993 WL 732230 at *4 (policy denying preclusive effect to state court consent determinations of nondischargeability should not apply in bankruptcy context where bankruptcy court has approved non-dischargeability by agreement), *aff'd* 31 F.3d 1050 (10th Cir.1994) and *In re Saler,* 205 B.R. at 744 ("enforceability of a nondischargeability settlement reached in bankruptcy dischargeability litigation is quite different from the enforceability of such an agreement entered into by a defendant in a nonbankruptcy forum prior to the filing of any bankruptcy case").

Because we find that the Kentucky Bankruptcy Court did make a determination as to the dischargeability of the debt under § 523(a)(9), the Debtor's contentions regarding collateral estoppel[4] are misplaced. Collateral estoppel is applicable where the cause of action in the subsequent proceeding is different from the cause of action in the prior proceeding. *E.g., New Winchester Gardens v. Franklin County Board of Revision,* 80 Ohio St.3d 36, 684 N.E.2d 312, 316 (1997); *see also Grogan v. Garner,* 498 U.S. 279, 283–84, 111 S.Ct. 654, 657–58, 112 L.Ed.2d 755 (1991)(distinction between claim validity as determined by state law and debt dischargeability as determined by bankruptcy law is "wellspring from which cases of this kind flow"). For example, in the § 523(a)(9) context, the state court action would concern a claim of negligence whereas the bankruptcy court action would concern a claim for nondischargeability.

In the present case, the cause of action in the Kentucky Bankruptcy Court—the dischargeability of a debt under § 523(a)(9)—is identical to the cause of action before this Court. The parties to the Kentucky Bankruptcy Court Adversary Proceeding are the same parties before this Court. As such, the principles of res judicata apply, rendering the former action dispositive not only of issues which were actually litigated but which could have been litigated. *See In re Saler,* 205 B.R. at 748 (determination of nondischargeability in one bankruptcy case bars redetermination of that issue in a subsequent bankruptcy case) (citations omitted); *cf. Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979)(res judicata prevents litigation of all grounds for or defenses to recovery that were previously available to the parties regardless of whether they were asserted or determined in the prior proceeding).

This holding is not inconsistent with *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), wherein the Supreme Court held that the doctrine of res judicata does not apply to dischargeability actions in bankruptcy court where the prior judgment was obtained in *state* court. The decision in *Brown* rested on the fact that issues regarding dischargeability are often not relevant to state court causes of action and that the bankruptcy court should rule on dischargeability issues. *Id.* at 134–35, 99 S.Ct. at 2211. Likewise, the cases cited by the Debtor in support of his position that collateral estoppel should not apply to a bankruptcy court's determination of debt dischargeability are not relevant because those cases address judgments previously rendered by non-bankruptcy courts.[5]

---

4. Collateral estoppel requires that the precise issue in the later proceeding has been raised in the earlier proceeding, that the issue has been actually litigated, and that the determination has been necessary to the outcome. *See Spilman v. Harley,* 656 F.2d 224, 228 (6th Cir.1981).

5. *In re Grainger,* 20 B.R. 7 (Bankr.S.C.1981) concerned a default judgment by a district court, *In re Bobofchak,* 101 B.R. 465 (Bankr.E.D.Va.1989) concerned a negotiated settlement reached after initiation of a state court action, and *In re*

*Williams,* 1994 LEXIS 11842 (E.D.Mich. May 31, 1994) concerned a settlement agreement reached after initiation of a state court action. Similarly, the Sixth Circuit cases which address the doctrine of collateral estoppel as it relates to nondischargeability are also not relevant. *See In re Spilman v. Harley,* 656 F.2d 224 (6th Cir. 1981)(state court judgment); *In re Bursack,* 65 F.3d 51 (6th Cir.1995)(state court jury verdict); *In re Calvert,* 105 F.3d 315 (6th Cir.1997)(state court judgment).

Furthermore, failure to give full effect to the earlier determination of nondischargeability by the Kentucky Bankruptcy Court would allow the Debtor two bites at the same apple and would be an inefficient use of judicial resources. The Debtor has already had his day in Kentucky Bankruptcy Court regarding the dischargeability of his debt to the Schultes. *See Brown,* 442 U.S. at 131, 99 S.Ct. at 2209 (res judicata ensures the finality of decisions, bars vexatious litigation, and frees the courts to resolve other disputes).

In conclusion, we find that the doctrine of res judicata requires this Court to give full effect to the prior determination of the Kentucky Bankruptcy Court that the Schultes' debt is nondischargeable.

Wherefore, we find that the Debtor's Objection to Claim is DENIED.

IT IS SO ORDERED.